RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3/6/12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

PHILLIPPE L. SMITH                    DOCKET NO. 11-CV-1553; SEC. P

VERSUS                                JUDGE DEE D. DRELL

A. W. SHERROD                         MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Plaintiff Phillippe L. Smith filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1]. Plaintiff was an inmate in the custody of the Bureau of Prisons (BOP) incarcerated at the Federal Correctional Center in Pollock, Louisiana. A memorandum order was sent to Plaintiff by the clerk on January 5, 2012, and it was returned to sender on February 2, 2012. [Doc. #9, 12] A letter from FCC-Pollock received on January 20, 2012, indicates that Plaintiff was released from BOP custody on December 2, 2011. Plaintiff has not filed an updated address with this Court.

Local Rule 41.3 for the Western District of Louisiana provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983. See Zuspann v. Brown, 60 F.3d 1156, 1157 n. 2 (5th Cir.1995).

dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

More than thirty days have passed since the document was returned to sender, more than three months have passed since Plaintiff was released from BOP custody. Plaintiff has still failed to notify the Court of his current address.

Therefore,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for the failure to prosecute in accordance with the provisions of Rule 41.3 of the Local Rules for the Western District of Louisiana.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

2

the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 5th day of March, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE